## O. L. SCHMIDT BARGE LINES, INC.

v.

## The UNITED STATES.

### No. 67–78.

United States Court of Claims.

Nov. 14, 1979.

Leonard Egan, Washington, D. C., for plaintiff; Mark P. Schlefer, Washington, D. C., attorney of record. T. S. L. Perlman, Stephen T. Owen, and Kominers, Fort, Schlefer & Boyer, Washington, D. C., of counsel.

Michael J. Dennis, Washington, D. C., with whom was Asst. Atty. Gen., M. Carr Ferguson, Washington, D. C., for defendant; Theodore D. Peyser, Jr., Washington, D. C., of counsel.

Before KUNZIG, BENNETT and SMITH, Judges.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

SMITH, Judge:

In this case, before the court on the parties' cross-motions for summary judgment, and ·on which oral argument has been heard, plaintiff seeks a refund, with interest, of $13,275.77, paid by plaintiff following assessment of a deficiency in income tax for the taxable year ended August 31, 1975. The deficiency was based on a determination by the Commissioner of Internal Revenue that plaintiff does not qualify for an investment credit since the investment in its barges was made with tax-deferred funds pursuant to section 607 of the Merchant Marine Act of 1970. 46 U.S.C. § 1177 (1970).

Plaintiff is a corporation organized under the laws of the State of Illinois, having its principal place of business in Lemont, Illinois. The claim by plaintiff is based on defendant's refusal to allow O. L. Schmidt Barge Lines, Inc., the investment tax credit it was allegedly entitled to, on the reconstruction of two barge vessels identified as No. 25 and No. 26 ("the vessels") and on an engine installed on another of plaintiff's barge vessels.

---

On February 15, 1972, plaintiff established a "capital construction fund" under agreement with the Secretary of Commerce pursuant to section 607 of the Merchant Marine Act of 1970 (MMA). As stipulated in the agreement establishing this "capital construction fund," plaintiff agreed to deposit earnings from certain vessels into that fund, subject to the conditions contained in section 607 of the MMA and those enumerated in the "capital construction fund" agreement (agreement). In accordance with section 607(e) of the MMA and article 5 of the agreement, the earnings of these "qualified" vessels were deposited in either the "capital account" or the "ordinary income account" of the "capital construction fund."

On October 15, 1973, plaintiff entered into a contract with Lemont Shipbuilding and Repair Co. to reconstruct the vessels. The reconstructed vessels were delivered to plaintiff on January 23, 1974, and July 16, 1974, and were placed in service on the Great Lakes prior to August 31, 1974.

The cost to O. L. Schmidt for the reconstructed vessels was $283,600, of which $83,600 originated from monies deposited in the "ordinary income account" of plaintiff's capital construction fund and $200,000 from money derived from mortgage loans on these vessels. The $200,000 loan was repaid from monies on deposit in the "ordinary income account" of plaintiff's capital construction fund.[1] Plaintiff filed a timely federal tax return for the taxable year ending August 31, 1975. On this tax return, plaintiff claimed an investment credit on the reconstruction of the vessels and the engine.

Upon audit, the Internal Revenue Service issued a deficiency notice to plaintiff. On or about August 19, 1977, plaintiff paid the deficiency and filed a timely claim for refund of federal income taxes paid, due to the disallowance of this credit. Plaintiff contends that for purposes of computing the investment tax credit, pursuant to sections 38 and 46–50 of the Internal Revenue Code of 1954, in effect in 1974, all monies on deposit in O. L. Schmidt's "capital construction fund," used for the reconstruction of the vessels and the engine, should· be included in determining plaintiff's cost for purposes of the investment tax credit.

I.

The essential facts in this case raise the same issue as that in the case of *Oglebay Norton Co. v. United States,* Ct.Cl., 610 F.2d 715, argued contemporaneously with this case and decided this day.

The issue here is whether, for the purposes of the investment tax credit, plaintiff's qualified investment includes that portion of such investment representing tax-deferred earnings deposited in the capital construction fund pursuant to section 607 of the Merchant Marine Act of 1970.

For the reasons stated in our opinion in *Oglebay Norton Co., supra,* we hold that the Internal Revenue Service erred in disallowing the investment credit in its deficiency notice and in the counterclaim. Therefore, we hold for plaintiff.

II.

Plaintiff's motion for summary judgment is granted; defendant's cross-motion for summary judgment is denied and its counterclaim is dismissed.[2] The case is remanded to the trial division, pursuant to Rule 131(c), for computation of the amount of recovery.

---

1. On February 7, 1979, defendant filed a first amended answer and counterclaim based on an assertion that investment credit based on the $200,000 is also not allowable because of repayment of the mortgage loan in that amount was made out of tax-deferred funds. Defendant asserts that additional income tax of $7,521.50 plus interest, is due as a result of its assessment of that amount on or about January 11, 1979. Plaintiff admits that it has not paid this additional assessment.

2. The court has granted defendant's motion for leave to file out-of-time defendant's reply brief in support of its cross-motion for summary judgment and in opposition to plaintiff's motion for summary judgment.